**Wilberto TRINIDAD–RAMON; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74040.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

Stuart I. Folinsky, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, Lisa

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

M. Arnold, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Wilberto Trinidad–Ramon, and his wife Angela Ramon–Uscanga, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals ("BIA") summary affirmance of an Immigration Judge's decision denying their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the determination of statutorily ineligibility. *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002). We grant the petition.

Petitioners were served with their notice to appear in October 1998. Petitioners testified that they arrived in the United States in 1986, but could not produce any documentation of their presence in the United States until the birth of their son in September 1989, despite testifying that they worked during this period and Mrs. Uscanga received prenatal care.

The IJ's finding that petitioners were statutorily ineligible for cancellation of removal for failure to satisfy their burden of proving ten years of continuous presence in the United States improperly relied on this absence of documentation, *see Kataria v. INS,* 232 F.3d 1107, 1113–14 (9th Cir.2000), and the IJ's adverse credibility determination appears to be based on conjecture which "cannot be substituted for objective and substantial evidence." *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000). Further, the IJ ignored Peti-

tioners' explanations for the perceived discrepancies. *See Garrovillas v. INS,* 156 F.3d 1010, 1013–14 (9th Cir.1998). Because the IJ's adverse credibility finding is not supported by substantial evidence, we deem Petitioners' testimony credible. *See Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

